[Civ. No. 1191. Second Appellate District.—October 21, 1912.]

## BENJAMIN G. McDOUGALL, Respondent, v. GEORGE R. EATON, L. E. HALL, and W. D. TREWHITT, Defendants; L. E. HALL, Appellant.

ACTION FOR SERVICES OF ARCHITECT—CHANGE OF VENUE—ACTION BY COURT WITHOUT JURISDICTION—WAIVER OF DEMURRER AND JUDGMENT.—In an action by an architect to recover the value of the plans and specifications for the construction of a building, which it is alleged that the defendants agreed to pay for, the venue of which action was ordered changed to the place of residence of two of the defendants, the court after having ordered such change, had no jurisdiction thereafter to pass upon the demurrer of one of them to the complaint, nor to enter a default judgment against another defendant; but where the demurring defendant instead of presenting his demurrer to be passed upon by the court to which the action was transferred, merely filed his answer, and went to trial thereon, he thereby waived the demurrer, and was not prejudiced by the erroneous action of the court in which the action was commenced in passing thereon, nor by its erroneous judgment by default rendered against his codefendant.

ID.—RESULT OF TRIAL IN COUNTY OF APPELLANT'S RESIDENCE—SUPPORT OF FINDINGS—COSTS NOT AGREED TO.—Where, as the result of the trial in the county of appellant's residence, it was found and adjudged that appellant authorized the preparation of the plans and specifications sued upon, and agreed to pay for the same; and there is evidence that the three defendants were engaged in a joint enterprise and that all three of the parties agreed that one of the defendants should order the plans made, the finding is supported, though there was conflicting evidence to the contrary. There is evidence that no stipulation was made as to the cost of the building, when the plans were ordered.

ID.—EVIDENCE OF PARTNERSHIP IN ENTERPRISE.—The court properly allowed the defendant who ordered the plans to testify that he and his codefendants were partners in the enterprise, where there was other evidence to show a joint interest therein, and an express authorization was given to such defendant to make the contract. The agency of such defendant being then established, the joint and several liability of the defendants was shown in the enterprise.

APPEAL from an order of the Superior Court of Kings County denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

J. C. C. Russell, for Appellant.

Stratton, Kaufman & Torchiana, and C. A. S. Frost, for Respondent.

ALLEN, P. J.—Appeal by defendant L. E. Hall from an order denying his motion for a new trial. The action was originally commenced in San Francisco County by plaintiff, an architect, against George R. Eaton, L. E. Hall, and W. D. Trewhitt to recover the expenses incurred in the preparation of certain plans and specifications for the construction of a building, alleged to have been ordered by said defendants under a promise upon their part to pay for the same. The complaint was filed on May 21, 1909. On September 10th following defendant Hall filed a demurrer to such complaint, and at the same time filed an affidavit for change of venue, setting forth the fact that neither affiant nor any of his codefendants were residents of the city and county of San Francisco, but that, on the contrary, both affiant and Trewhitt were residents of Kings County; and at the same time Hall filed proper affidavits of merits, together with a demand for change of place of trial, notice of the hearing of which demand was duly given on the date of filing. Thereafter, on October 25, 1909, service of process in the mean time having been had upon defendant Trewhitt and he having made default, the superior court of San Francisco County entered judgment against said Trewhitt by default. Subsequently, on November 15, 1909, the superior court of San Francisco County made its order changing the place of trial of the action to Kings County, not-

withstanding. which order, the superior court of San Francisco County, on March 15, 1910, proceeded to hear the demurrer of Hall to the original complaint and made its order overruling the same and giving defendant Hall ten days to answer. Subsequently the papers were transmitted to the superior court of Kings County, and on April 1, 1910, Hall served and filed his answer denying generally and specifically the allegations of the complaint; and on the fourth day of January, 1911, the action came on for trial in the superior court of Kings County, which court made its findings adverse to defendant Hall and rendered judgment against him for the unpaid amount due plaintiff. In due time defendant Hall moved for a new trial, which was denied, from which order denying a new trial he appeals upon a bill of exceptions.

The principal contention of appellant is that the superior court of San Francisco County was without jurisdiction to enter the default of Trewhitt, or to consider and pass upon the demurrer theretofore filed by Hall, and for that reason the order appealed from should be reversed. It may be conceded that, the action being a personal one and the uncontradicted evidence being that San Francisco was not the proper place for trial, it was the duty of the superior court of San Francisco County to immediately grant the motion for a change of place of trial, upon the granting of which jurisdiction ceased, and that any subsequent action was without jurisdiction and void. But, assuming all of this, appellant made no effort to have the superior court of Kings County pass upon his demurrer on file and which, notwithstanding the order of the court of San Francisco County overruling it, was still pending for hearing, but elected to answer and proceeded to trial without any determination of the issues of law thus presented by the demurrer. In doing this he must be taken as having waived his demurrer and cannot be said to have been prejudiced by the unauthorized act of the superior court of San Francisco County; neither does any prejudice appear, so far as defendant Hall is concerned, by reason of the rendition of judgment against Trewhitt.

Appellant further contends that there is no evidence in the record supporting the finding that defendant Hall authorized the preparation of the plans and specifications, or agreed to

pay for the same or any portion thereof. We do find in the record evidence of the fact that the three defendants were engaged in a joint enterprise; that in furtherance thereof all three of the parties agreed that Trewhitt should go ahead and order the plans made. It is true the evidence was conflicting upon this point, but with that we have nothing to do.

It is further contended that under the contract for the preparation of the plans it was agreed that the same should be prepared in a manner so as to permit the construction of a building to cost not to exceed eighty thousand dollars, and that the plans as prepared contemplated an expenditure exceeding one hundred and twenty thousand dollars. Here again the evidence is conflicting. There is evidence in the record to the effect that no stipulation was had as to the cost of the structure when the plans were ordered. Witness Trewhitt was permitted by the court to testify that he and his co-defendants were partners in the enterprise. We see no prejudicial error in permitting such evidence, in view of the fact that it was shown that they were jointly interested in the enterprise and expressly authorized Trewhitt as their agent to make the contract. The agency of Trewhitt was thus established and the joint and several liability of the defendants therefor.

An examination of the record discloses no prejudicial error warranting a reversal of the order denying the motion for a new trial, and the same is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1912.